472 June 26, 2024 No. 433

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MISTY CHRISTY CHANCE,
*Defendant-Appellant.*

Lane County Circuit Court
20CR47063; A179128

R. Curtis Conover, Judge.

Argued and submitted May 31, 2024.

Andrew D. Robinson, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Patrick M. Ebbett, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Joyce, Presiding Judge, Lagesen, Chief Judge, and Armstrong, Senior Judge.

LAGESEN, C. J.

Affirmed.

## LAGESEN, C. J.

During an encounter at a trailhead where defendant had been camping, defendant loaded and waved a rifle at a family that was there to go hiking. For that conduct, a jury found defendant guilty of two counts of unlawful use of a weapon with a firearm (UUW), ORS 166.220 and ORS 161.610, and two counts of menacing, ORS 163.190; the menacing verdicts merged with the UUW verdicts for a total of two UUW convictions. Defendant appeals, assigning error to (1) the trial court's ruling limiting her cross-examination of a victim regarding the victim's social media posts maligning "dispersed" and homeless campers in the area; (2) the trial court's denial of her motions for judgment of acquittal on all four counts; (3) and the trial court's denial of defendant's motion for a hearing under UTCR 3.120 to explore alleged juror misconduct. We affirm.

In her first assignment of error, defendant contends that the trial court erred under OEC 609-1 when it precluded her from cross-examining victim J about a series of derogatory statements J made on social media about campers in the area of the trailhead. The trial court ruled that defendant could not cross-examine J about a statement unless J first denied the attitudes and beliefs expressed in the particular statement. While we agree that the trial court's ruling reflects an erroneous understanding of OEC 609-1, we conclude that the error was harmless. An error in excluding interest-or-bias evidence under OEC 609-1 is not reversible if it does not "den[y] the jury an adequate opportunity to assess the credibility of a witness whose credibility is important to the outcome of the trial." *State v. Hubbard*, 297 Or 789, 800, 688 P2d 1311 (1984).

Here, despite its preliminary ruling, the trial court ultimately permitted defendant to cross-examine J regarding a subset of the social media statements reflecting J's attitude toward dispersed and homeless campers in the area, including, among other things, that she "liked" a post describing the dispersed campers as "homeless squatters" who were "disgusting and annoying" and who "prevent hardworking people from enjoying a place of respite." In addition, J's daughter testified, when asked whether she

and her mother had discussed people camping outside of established campsites, that "there's a lot of riffraff up there so yeah, we've talked about it," including the fact that some of the "riffraff" was homeless and would leave trash around. That evidence gave the jury an adequate opportunity to evaluate how J's views on dispersed and homeless campers bore on her credibility, such that the exclusion of the additional statements that defendant sought to introduce does not supply grounds for reversal. In reaching this conclusion, we have considered defendant's contention that some of the statements excluded demonstrated greater hostility toward campers than those statements admitted, and we conclude that the excluded statements are not so different from the admitted statements that the omission could have tended to affect the verdict.

In her second through fifth assignments of error, defendant challenges the trial court's denial of her motions for judgment of acquittal on all counts. In defendant's view, the evidence was insufficient to support a finding that defendant intended to threaten the victims with immediate harm or injury. In defendant's view, the evidence allows for at most the inference that defendant's threat was a conditional one—that defendant would use the gun if the victims did not depart—and, thus, does not allow for the inference that defendant intended to threaten immediate harm. Having reviewed the record, we disagree. *See, e.g.*, *State v. McAuliffe*, 276 Or App 259, 265-66, 366 P3d 1206, *rev den*, 359 Or 847 (2016) (determining that evidence similar to the evidence in this case was sufficient to support a finding that the defendant possessed the requisite intent).

Finally, in her sixth assignment of error, defendant asserts that the trial court erred in denying her request for a hearing under UTCR 3.120 to investigate potential juror misconduct. Our review is for abuse of discretion. *State v. Wright*, 323 Or 8, 20, 913 P2d 321 (1996). We conclude that the trial court did not abuse its discretion.

UTCR 3.120 allows for juror contact pursuant to court permission if "[t]here is a reasonable ground to believe that a juror or the jury has been guilty of fraud or misconduct sufficient to justify setting aside or modifying the

verdict or judgment." UTCT 3.120(2)(b). "There is a strong policy in Oregon to protect jury verdicts from attack, and courts are hesitant to interrogate jurors after they have reached the verdict in order to probe for potential misconduct." *Koennecke v. State of Oregon*, 122 Or App 100, 103, 857 P2d 148, *rev den*, 318 Or 26 (1993). Thus, "[t]he kind of misconduct that will be considered in attack on the verdict is misconduct that is extrinsic to the communications between jurors during the deliberative process or that amounts to fraud, bribery, forcible coercion or any other obstruction of justice that would subject the offender to contempt of court or criminal prosecution." *State v. Jones*, 126 Or App 224, 227, 868 P2d 18, *rev den*, 318 Or 583 (1994) (footnote omitted); *see State v Chitwood*, 310 Or App 22, 29-30, 483 P3d 1157 (2021), *rev'd on other grounds*, 370 Or 305 (2022) (explaining that allegations of "tiredness, disagreements, strong opinions, and concerns that the jury as a whole did not reach the correct decision," are not bases to allow for juror questioning under UTCR 3.120); *see also Hill v. LaGrand Industrial Supply Co.*, 193 Or App 730, 739-40, 91 P3d 768 (2004) (allegations of oral bullying did not demonstrate juror misconduct that would justify setting aside a verdict).

In this case, the conduct identified by defendant—one juror slamming his hands on the table and yelling at other jurors to change their votes so that the juror could get back to his vacation—is not of the character that would warrant setting aside the verdict. That is particularly so in view of the fact that the trial court verified with the jury on the record that each verdict was supported by the vote of each juror. *Hill*, 193 Or App at 739-40 (noting the result of the jury poll in concluding that alleged oral pressure by juror was not misconduct that would justify setting aside the jury's verdict). Consequently, the trial court did not abuse its discretion in denying defendant's motion for a hearing to investigate juror misconduct.

Affirmed.